UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY SCHROEDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 2943 SNLJ |
| | ) |
| SCHAPE FITNESS, INC., d/b/a | ) |
| CLUB PILATES, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Plaintiff fell off a Pilates exercise machine at an exercise facility owned by defendant Schape Fitness, Inc., which does business as Club Pilates. Plaintiff brought this lawsuit against defendant Schape and defendant Balanced Body, Inc., the business that manufactured, designed, and sold the Pilates machine to defendant Schape. Plaintiff is a Missouri citizen. Balanced Body is a California citizen. Schape is a Missouri citizen. Plaintiff brought the lawsuit in the Circuit Court for St. Louis County. Defendant Schape removed the case to this Court under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff has moved to remand the matter back to state court. (#10.)

"Subject matter jurisdiction asserted under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants, meaning 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir.

1

2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). No party contests that the amount in controversy here exceeds $75,000. As for diversity of citizenship between the parties, although defendant Schape and plaintiff are both Missouri citizens, Schape contends that it has been fraudulently joined to this action to defeat diversity jurisdiction, and that the motion to remand should be denied.

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810 (quoting *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A plaintiff "cannot defeat a defendant's right of removal by joining a defendant who has 'no real connection to the controversy.'" *Herkenhoff*, 2014 WL 3894642 at *2 (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (citing *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis in original)). However, if there is a "colorable" cause of action against the defendant, "that is, if the state law might impose liability on the resident defendant under the facts alleged" then there is no fraudulent joinder. *Id*.

Plaintiff contends that Missouri state law would impose liability on resident defendant Schape in this case for its negligence related to plaintiff's injury. Defendant Schape, on the other hand, insists that it has been fraudulently joined because (1) plaintiff signed a waiver and indemnification agreement releasing Club Pilates from any injuries related to her use of the facility, and (2) plaintiff also signed a contract with Club Pilates which included an express release (#1 at ¶¶ 15, 16). Schape points out that the plaintiff's sole count against it is for negligence, and that Missouri courts have consistently enforced waivers such as plaintiff's that release defendant from claims of negligence. *See Alack v. Vic Tanny Int'l of Missouri, Inc.*, 923 S.W.2d 330, 337 (Mo. *banc* 1996)

The parties dispute whether the releases are enforceable. In particular, plaintiff argues that one release is ambiguous because the form includes the placeholder [IRSLEGALNAME] instead of Schape's name, and that the other release is between plaintiff and a different party, "Chesterfield Club Pilates." Although the Court is skeptical that plaintiff --- who sued defendant Schape as "d/b/a Club Pilates" --- can prevail on these arguments, the Court notes that, under Missouri law, a release is an affirmative defense. *See* Rule 55.08, Mo. R. Civ. P. This Court has previously held that, where a resident defendant sets forth the affirmative defense that plaintiff has released its claims, the plaintiff has nonetheless "stated a colorable claim for negligence" and that a "Missouri court might impose liability on [the resident defendant] based on the facts alleged. *Hemker v. St. Louis Science Ctr.*, 4:08-CV-00139 CEJ, 2008 WL 2020210, at *2 (E.D. Mo. May 8, 2008). "The enforceability of the release and the effect of the

affirmative defense of release upon the case are matters appropriate for consideration by a Missouri court." *Id.* *See also Peterson v. Concentra, Inc.*, 4:07cv387-DJS, 2007 WL 1459826, *2 (E.D. Mo. May 16, 2007) (holding, inter alia, that defendant's statute of limitations "argument fails because it constitutes an affirmative defense…and not a proper basis for a finding of fraudulent joinder on the face of plaintiff's pleading").

This Court has, however, found fraudulent joinder existed due to an affirmative defense. *E.g.*, *Herkenhoff v. Supervalu Stores, Inc.*, No. 4:13-CV-1974 SNLJ, 2014 WL 3894642, at *2 (E.D. Mo. Aug. 8, 2014). In *Herkenhoff*, this Court noted that "although this Court recently rejected a statute of limitations argument in another case in which fraudulent joinder was alleged, it is apparent from the face of the complaint itself that the two-year statute of limitations bars plaintiff's claim." 2014 WL 3894642 at *3 (citing *McGee v. Fresenius Med. Care N. Am., Inc.*, 4:14cv967 SNLJ, 2014 WL 2993577, *4 (E.D. Mo. July 3, 2014)). Here, of course, defendant Schape does not contend that the plaintiff fails to allege the elements of a negligence claim. Rather, defendant Schape supplied the releases, which appear nowhere in the complaint, and would have the Court analyze its releases and dismiss it as a party based on those releases. Although the Court "may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant," *Herkenhoff*, 2014 WL 3894642, at *3, it is not entirely clear just how far beyond the pleadings the Court is entitled to go. "To date, there is no generally accepted standard concerning the necessary conditions as to when it is appropriate to 'pierce the pleadings' to determine the legitimacy of the

4

joinder, nor what methodology the district court should use to examine extrinsic evidence." § 3641.1 *Devices to Defeat Diversity Jurisdiction—Joinder of Nondiverse Parties*, 13F Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.).

Here, notably, plaintiff did not file a reply memorandum in support of her motion to remand, nor did she explicitly challenge the language of the two releases relied upon by Schape other than to contest the identification of the parties. However, the case relied upon by Schape, *Alack*, held that a release that purported to release claims even for intentional torts or gross negligence was fatally ambiguous because the release of such claims is not permitted. 923 S.W.2d at 337. To the extent it is appropriate to analyze the releases and address Schape's affirmative defense: one of plaintiff's releases purports to release claims for "gross negligence." (*See* #12 at 4.) The other release states that Club Pilates is released "from any and all claims…arising out of…Club Pilates['s]…passive or active negligence." (#12 at 7.) It is possible that a Missouri court would find this language to be in contravention of *Alack*. Further, it is not clear that the release --- if valid --- was adequately conspicuous. 923 S.W.2d at 337. Even considering the release, then, plaintiff "might have a colorable claim under state law against" resident defendant Schape. *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007).

In making a prediction as to whether "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved…the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. "In situations where the

5

sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1999). In light of that directive --- and in light of the fact that the complaint, on its face, states a negligence claim against defendant Schape --- the Court holds that defendant Schape has not been fraudulently joined, that diversity jurisdiction is therefore not present, and that the motion to remand shall be granted.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#10) is GRANTED.

IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court for the County of St. Louis, Missouri.

Dated this  29th  day of May, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE